# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 28, 2011

142883 & (24)

KENT COUNTY,
      Plaintiff-Appellant,

v

STATE OF MICHIGAN, DEPARTMENT OF
HUMAN SERVICES, DIRECTOR OF
DEPARTMENT OF HUMAN SERVICES,
DEPARTMENT OF TECHNOLOGY,
MANAGEMENT & BUDGET, DIRECTOR
OF DEPARTMENT OF TECHNOLOGY,
MANAGEMENT, AND BUDGET,
DEPARTMENT OF TREASURY, and
STATE TREASURER,
      Defendants-Appellees.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142883
COA: 301151

On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the January 18, 2011 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

In 2006, a federal class action lawsuit was brought in the United States District Court for the Eastern District of Michigan against the Governor and the Department of Human Services (DHS), alleging that systemic deficiencies in Michigan's foster care system violated federal laws and regulations. *Dwayne B v Granholm*, Case No. 06-13548. In 2008, the parties entered into a consent agreement in which the defendants agreed to make certain changes in the state's foster care system. Michigan counties were not parties to this lawsuit or consent agreement, even though counties have the primary responsibility for the foster care system in this state. MCL 712A.25(1).

In the instant case, Kent County claims that the changes agreed to in the consent agreement increase the level of foster care services beyond that previously required by

Michigan law and that the cost of such increased services exceeds $4 million a year. Its complaint alleges that the state has not provided it with any new funding to support the increased services required, in violation of the Headlee Amendment to the Michigan Constitution, which requires the state to provide funding to local governments "for any necessary increased costs" incurred by "an increase in the level of any . . . service beyond that required by existing law . . . ." Const 1963, art 9, § 29. The Court of Appeals dismissed the complaint because, under the relevant statutory definitions, plaintiff's increased service levels arose from a "court requirement," not a "state requirement," and thus the Constitution was not breached. *Kent Co v Michigan*, unpublished order of the Court of Appeals, entered January 18, 2011 (Docket No. 301151), citing MCL 21.232(3) and MCL 21.234(5); see also MCL 21.242.

Although I agree with the legal analysis of the Court of Appeals, and therefore concur with this Court's order, I nonetheless write separately to observe that the state has embarked upon, and this Court has now affirmed, a procedure by which the state can impose increased costs on a local government and avoid what would otherwise be its constitutional obligation to reimburse the local government for such costs—settle a lawsuit to which the state, but not the local government, is a party, unilaterally consent to provide increased services of some kind, and then refuse to provide the local government with additional funding to pay for the increased services. Although this procedure may comport with the letter of the Headlee Amendment, the Legislature and the people of this state may wish to examine more closely whether it also comports with their own conceptions of what this amendment was designed to achieve.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 28, 2011

_____
Clerk

p1025